

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JOSH DEWITZ, | ) | CV 10-23-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SAM LAW, Warden, ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Josh Dewitz filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on May 18, 2010. Judge Lynch recommended denying the petition on its merits. Dewitz timely objected on June 1, 2010. Therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and

Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. Petitioner is familiar with the factual background of this case, so it will not be restated here.

I.  Motion to appoint counsel

After Judge Lynch issued Findings and Recommendation in this case, Dewitz moved the Court to appoint counsel to represent him on the basis that he has no legal training and cannot afford counsel, but believes there are legal issues that merit the assistance of counsel. A prisoner has no constitutional right to an attorney during a habeas proceeding. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998). However, a district court must appoint counsel "when the case is so complex that due process violations will occur absent the presence of counsel." Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)). A district court has discretion to appoint counsel at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court must consider the likelihood of success on the merits, the complexity of the legal issues involved,

and the petitioner's ability to articulate his claims pro se. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Upon review of the claims by Petitioner, the Court concludes that this case is not so complex as to warrant appointment of counsel, nor do the interests of justice support appointing counsel. Petitioner has adequately articulated his claims pro se, but for the reasons stated by Judge Lynch, there is no likelihood of success on the merits. As discussed below, Dewitz's claim must fail, and the appointment of counsel would not change the outcome of his petition. The motion to appoint counsel will be denied.

## II.  <u>Dewtiz's objections to the Findings and Recommendation</u>

Dewitz objects to Judge Lynch's finding that the trial court did not err by admitting the testimony of Tanisha Ashley without instructing the jury that Ashley was Dewitz's accomplice as a matter of law. While Dewitz argues it was undisputed that Ashley was an accomplice because she was charged with the same crime, the district court did not err when it found there was a dispute. Because there was a dispute as to Ashley's role in the crime, it was a factual determination for the jury to determine if she was an accomplice, and the trial court was not required to instruct the jury that she was an accomplice as a matter of law. <u>State v. Johnson</u>, 918 P.2d 293, 295 (Mont. 1996). Dewitz also argues there was nothing

to corroborate Ashley's testimony, and it was error to convict him on her testimony alone. As Judge Lynch correctly found, federal law does not require corroborating evidence for an accomplice's testimony. U.S. v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993). Montana law does require such corroboration,[1] and there was ample evidence to corroborate Ashley's testimony, as set forth by Judge Lynch. Findings & Rec. at 9-12. Dewitz argues the trial court's error in refusing to instruct could not have been harmless because it is impossible to predict the outcome if the jury had been instructed differently. However, there was no error and thus no need to determine whether it was harmless or not.

Dewitz objects to Judge Lynch's findings regarding the prosecutor's comments about Ashley during closing. Judge Lynch found the prosecutor improperly vouched for Ashley, but he also found the error was harmless and there was no prejudice to Dewitz. Dewitz argues the error could not have been harmless error because the prosecutor's statements invaded the province of the jury. Again Dewitz states there was no corroborating evidence for Ashley's testimony, and he discounts the testimony of Ashley's mother as biased and unreliable. As stated above, there was substantial evidence, in addition to Ashley's testimony, on which

---

[1] Because Montana law requires corroboration, Dewitz could potentially succeed on a federal due process claim that the state court denied him something required by state law. Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir. 2000).

the jury could have relied to convict Dewitz. Further, any bias by Ashley's mother goes to the weight of her mother's testimony, not its admissibility, and that was a determination for the jury. Because of the large amount of evidence, in addition to Ashley's testimony, that supported the conviction, I agree with Judge Lynch that any improper vouching by the prosecutor did not prejudice Dewitz and the error was harmless.

Dewitz also mentions in passing the trial court's decision not to remove a potential juror for cause who was a 911 dispatcher and whose "significant other" was a police officer. As Judge Lynch found, the potential juror had not been directly involved in the case and the questioning of her demonstrated that she was able to be a fair and impartial juror. See Wainwright v. Witt, 469 U.S. 412, 423-24 (1985). Dewitz does not offer any arguments or facts to undermine this finding. I agree with Judge Lynch there was no error in the refusal to excuse the potential juror for cause.

Last, Dewitz requests that the Court issue a certificate of appealability. However, the Court agrees with Judge Lynch that reasonable jurists could not disagree that Dewitz's petition should be denied. There was overwhelming evidence on which the jury could rely to convict Dewitz.

I find no clear error in Judge Lynch's remaining findings and

recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #8) are adopted in full. The Petition (dkt #1, 2) is DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the motion to appoint counsel (dkt #10) is DENIED.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

DATED this 14th day of July, 2010.

Donald W. Molloy, District Judge
United States District Court